**UNITED STATES DISTRICT CENTER**
**FOR THE DISTRICT OF MARYLAND**

**Aneesa Ahmad Sabra**
**833 Magnolia Ridge Court**
**Joppa, MD 21085**
**Plaintiff**

**v.**

**Mora Namdar, Assistant Secretary** **NO:** 1:26-cv-4426
**State for Consular Affairs**
**U.S. Department of State**
**2201 C Street, NW**
**Washington, DC 20520**

**Marco Rubio, Secretary**
**U.S. Department of State,**
**2201 C Street, NW**
**Washington, DC 20520**

**Jacob A. McGee**
**Deputy Assistant Secretary of State**
**2201 C Street, NW**
**Washington, DC 20520**

**Defendants.**

**COMPLAINT AND PETITION FOR SCHEDULING OF AN EMBASSY INTERVIEW FOR A K-1, FIANCE VISA PETITION**

The Plaintiff, Aneesa Ahmad Sabra, (hereinafter "Plaintiff"), through undersigned counsel, files the instant action pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1361, and alleges:

## I. INTRODUCTION

1. This is an action seeking that the Department of State schedule an interview for a K-1, Fiancé Visa, petition when the I-129F petition has already been approved and the DS-160 (Application for Non-Immigrant visa) has already been submitted.
2. The Plaintiff, who is a U.S. Citizen, properly filed Form I-129F, Petition for Alien Fiancé, on behalf of her fiancé, Ibrahim Almassri, on March 30, 2021, and was approved on March 16, 2022.
3. Per instructions sent to Mr. Almassri in April of 2022, the DS-160 (Online Nonimmigrant Visa Application) was submitted on February 8, 2023. The application identification number is AA00BHCSGR.
4. The case has been with the Department of State since that date and has not been scheduled for an interview, despite inquiries submitted by Plaintiff's counsel on April 10, 2024, May 3, 2024, May 8, 2024, October 5, 2024, November 21, 2024, and August 5, 2025. In these inquiries was also the request to move the case for processing to Beirut, Lebanon for processing as it is understood the U.S. Embassy in Damascus, Syria does not handle K-1 visa processing.

## II. JURISDICTION AND VENUE

5. This action arises under 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty) to compel the Defendants to perform a duty to which is owed to the Plaintiff.
6. Jurisdiction is further conferred by 5 U.S.C. §555(b) and § 704 of the Administrative Procedures Act (APA). Section 555(b) of the U.S. Code states that "… [w]ith due regard for the convenience and necessity of the parties or their representatives and within a

reasonable time, each agency shall proceed to conclude a matter presented to it." Section 704 of the A.P.A. states that "Agency action made reviewable by statute and final agency action for which there is no adequate remedy in a court are subject to judicial review."

7. Subject matter jurisdiction is also proper under 28 U.S.C. § 1361, which states "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

8. The APA also requires USCIS to perform its duties within a reasonable time. 5 U.S.C. § 555(b). If the agency fails to render a decision within a reasonable time, the Court has the power to compel the agency to do so. 5 U.S.C. § 706(1) (conferring power on the U.S. District Courts to compel agencies to perform actions "unlawfully withheld or unreasonably delayed"). The APA authorizes suit by "[a] person suffering a legal wrong because of agency action, or adversely affected within the meaning of a relevant statute." 5 U.S.C. §702. Under the APA, agency action means, amongst other things, a failure to act. 5 U.S.C. § 551(13). In this case, the Defendants have failed to take action in adjudicating the Plaintiff's U Nonimmigrant Visa application and the Plaintiff has been adversely affected as a result.

9. Venue is proper in the District Court for the District of Maryland pursuant to 28 U.S.C. §1391(e), which states that:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which… (C) the plaintiff resides if no real property is involved in the action.

10. The Plaintiff resides at 833 Magnolia Ridge Court, Joppa, Maryland, and no real property is involved in this action.

## III. PARTIES

11. Plaintiff, Sabra Aneesa Ahmad, is a 23-year-old resident of Maryland. Her address is 833 Magnolia Ridge Court, Joppa, Maryland. Plaintiff filed the petition for her fiancé which was approved, and is now awaiting an interview at a U.S. Embassy since February 8, 2023. Plaintiff falls within the "zone of interest" as described in *Giddings v. Chandler,* 979 F.2d 1104, 1108 (5th Cir. 1992) as her interests are the interests being protected by the petitions that have been filed.

12. Defendant, Mora Namdar, is sued in her official capacity as the Assistant Secretary of the Bureau of Consulate Affairs. The Bureau of Consulate Affairs is an organization under the Department of State. She maintains her office at Office of the Legal Advisor, U.S. Department of State, 600 19th Street NW, Washington DC 10522.

13. Defendant, Marco Rubio, is sued in his official capacity as the Secretary of the Department of State. The Department of State is responsible for the National Visa Center and the Bureau of Consulate Affairs. He maintains an office at Office of the Legal Advisor, U.S. Department of State, 600 19th Street NW, Washington DC 10522.

14. Defendant, Jacob A. McGee, is sued in his official capacity as the Deputy Assistant Secretary of State. He maintains an office at Office of the Legal Advisor, U.S. Department of State, 2201 C Street NW, Washington DC 20520.

## IV. LEGAL BACKGROUND

15. The Immigration and Nationality Act ("INA") provides, in general, for the admission, expulsion, regulation and naturalization of noncitizens. 8 U.S.C. § 1101 *et seq.*

16. Title II of the INA provides for visa allowances for fiancés of U.S. Citizens pursuant to 8 U.S.C. § 1184(d)(1).

17. When an application is approved that requires processing at a foreign embassy, USCIS forwards the case along to the National Visa Center. This process takes 30-45 days. Once the DS-160 Form is completed, the U.S. Embassy in the processing post schedules an interview for the beneficiary to present their case in front of a consular officer.

18. Any consular officer is authorized to issue regular and official visas. 22 C.F.R. § 41.111.

## V. FACTS

19. Plaintiff filed Form I-129F for her fiancé, Ibrahim Almassri, on March 30, 2021, and was approved on March 16, 2022.

20. Per instructions sent to Mr. Almassri and Plaintiff in April of 2022, the DS-160 (Online Nonimmigrant Visa Application) was submitted on February 8, 2023. The application identification number is AA00BHCSGR.

21. The case has been with the Department of State since that date and has not been scheduled for an interview, despite repeated inquiries submitted by Plaintiff's counsel on April 10, 2024, May 3, 2024, May 8, 2024, October 5, 2024, November 21, 2024, and August 5, 2025. In these inquiries was also the request to move the case for processing to Beirut, Lebanon for processing as it is understood the U.S. Embassy in Damascus, Syria does not handle K-1 visa processing anymore.

22. It has been more than three years since Plaintiff's fiancé submitted the required DS-160 Form to trigger an interview be scheduled, and still none has been scheduled at any U.S. Embassy.

23. The Defendants owe Plaintiff a duty to schedule the interview to provide her fiancé a chance for consular processing of the K-1 Fiance Visa, which has not been scheduled for more than three years.

24. Plaintiff has exhausted all administrative remedies and there are no further administrative acts which Plaintiff can take to obtain benefits to which she is entitled.

## VI. DAMAGES

25. If Defendants do not schedule Plaintiff's fiancé an interview, their separation continues, and the wedding continues to be delayed. This delays their future, family planning, travel planning, and financial planning. It delays Plaintiff's fiancé's potential to receive a Green Card and potential Naturalization as well, if the wedding moves forward. This is an unreasonable delay because Plaintiff's entire life is on hold until her fiancé's interview is scheduled, and causes uncertainty and emotional distress regarding Plaintiff's future.

## VII. CLAIMS

26. Allegations contained in paragraphs 1 through 10 and 15 through 25 above are repeated and realleged as though fully set forth herein.

27. The Defendants' failure to schedule an interview on Plaintiff's petition for more than three years is a violation of their statutory duty under 5 U.S.C. § 555(b), which requires a decision to be made within a reasonable time after petitions are filed.

## VIII. PRAYER

WHEREFORE, Plaintiff prays that this court:

1. Compel the Defendants to take all appropriate action on Plaintiff's K-1 visa petition without further delay; and

2. Grant such other and further relief as this Court deems proper.

Dated: 10/22/2026 Respectfully Submitted,

Emily Grace Leffler, Esq.
Griffith Immigration Law
300 E. Lombard St., Ste 1030
Baltimore, MD 21201
Tel.: (410) 244-5005
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I, Emily Grace Leffler, hereby certify that I served a true and correct copy of the Complaint and Petition for Scheduling of an Embassy Interview for a K-1 Fiance Visa Petition upon the Defendants by first-class mail on this 22nd day of October 2026, at the following address:

Kelly O. Hayes
U.S. Attorney for the District of Maryland
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201

Todd Blanche
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue
NW Washington, DC 20530-0001.

Mora Namdar, Marco Rubio, Jacob A. McGee
U.S. Department of State
2201 C Street, NW
Washington, DC 20520

Emily Grace Leffler, Esq.

10/22/2026
Date